# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAUL LUNA ) | |
| Plaintiff, ) | |
| ) | No. 14-01231 |
| v. ) | |
| ) | Magistrate Judge Cox |
| CAROLYN W. COLVIN, Acting, ) | |
| Commissioner of Social Security, ) | |
| Defendant. ) | |

## ORDER

Plaintiff is seeking a reversal or remand of the Administrative Law Judge's decision denying his claim for disability insurance benefits. We construe plaintiff's memorandum in support as a motion and for the reasons stated, plaintiff's motion for summary judgment is granted [dkt. 9], and the Commissioner's motion for summary judgment is denied [dkt. 10]. The matter is remanded.

## DISCUSSION

The plaintiff, Raul Luna, sustained injuries after falling 25 feet off a platform while working as an industrial painter. This accident left him with status post fractures to his left ankle and right wrist and a traumatic brain injury (a right epidural hematoma) which has caused him to become depressed, irritable and have poor social abilities and limited memory. The plaintiff has also been diagnosed with post-traumatic stress disorder and dysthymic disorder. In 2011, the plaintiff applied for disability insurance benefits under Title II. His application was denied by the Administrative Law Judge ("ALJ"). The Appeals Council declined to review, and the matter is now before this Court to be affirmed, remanded, or reversed.[1] For the reasons set forth below, the matter is remanded.

Although the ALJ in the instant case wrote a thorough opinion discussing the plaintiff's alleged disabilities and the medical evidence on record, there are two issues that necessitate

---

[1] 42 U.S.C. § 405(g).

remand. Specifically, the ALJ did not: (1) include limitations on interacting with supervisors in the plaintiff's residual function capacity ("RFC") assessment, and (2) address inconsistencies in medical opinion sources concerning plaintiff's ability to stoop.

### A. *The ALJ Failed to Limit Plaintiff's Interactions with Supervisors in his RFC Assessment*

The ALJ erred by failing the include limitations on interacting with supervisors in the plaintiff's RFC assessment. Plaintiff argues that because the ALJ placed great weight on the opinion of Larry Kravitz, Psy.D., the ALJ should also have incorporated all the limitations from Dr. Kravitz's opinion. Specifically, plaintiff claims Dr. Kravitz set limitations on interacting with supervisors.

The ALJ's assessment of the plaintiff's RFC specifically states that plaintiff could handle "no more than brief and superficial interaction with the public and coworkers."[2] Plaintiff argues that the ALJ should have also included a limitation on interactions with supervisors because Dr. Kravitz established a moderate limitation on the plaintiff's ability to interact appropriately with supervisors in his medical evidence. The Commissioner argues that there was no responsibility for the ALJ to adopt a limitation on interactions with supervisors because the ALJ is required to only review the narrative section of a Mental Residual Functional Capacity Assessment form ("MRFCA").[3] Dr. Kravitz's limitation on supervisors was not in the narrative section.

There are actually three sections in a MRFCA: a checklist section, a 'remarks' section reserved to explain instances in which evidence is unavailable, and a narrative section, which is treated as the RFC assessment at the initial and reconsideration levels of the application process.[4] In the checklist section, Dr. Kravitz checked "Not Significantly Limited" for the plaintiff's "ability to interact appropriately with the general public" and "the ability to get along with coworkers or peers." For "the ability to accept instruction and respond appropriately to criticism from supervisors," Dr. Kravitz checked "Moderately Limited." In the narrative section, Dr. Kravitz stated that the plaintiff "would be able to manage brief and superficial workplace

---

[2] R. at 17.
[3] A MRFCA references the form used by medical source opinions to evaluate an applicant's mental residual function capacity. It is from these documents that an ALJ would make inferences about the opinions of a medical source.
[4] 20 C.F.R. § 404.1512(a); PMS DI § 24510.006.

contacts, but his irritability and feeling socially disconnected would cause difficulty with more involved interactions."

While the Commissioner is correct that only the narrative section of the MRFCA is used when choosing the RFC, the broad language of Dr. Kravitz's narrative ("workplace contacts") logically includes both coworkers and supervisors, especially given that Dr. Kravitz's checklist section included a higher limitation on supervisors than coworkers. The ALJ also has an obligation to assess the entire file and resolve any apparent conflicts in the medical evidence.[5] The ALJ should have compared the narrative section to the checklist and noted that Dr. Kravitz's intent was to include all workplace contact into the limitation, not merely coworkers. In fact, the ALJ did make such an inference in his opinion, but for a different limitation. There is no specific mention of the plaintiff's "ability to interact appropriately with the general public" in the narrative provided by Dr. Kravitz, and yet the ALJ wrote it into his RFC statement, implying that he inferred it from the comments the doctor made in his narrative about the plaintiff's lack of socialization.[6] The inconsistency of inferring a restriction on interactions with the public, but not inferring a restriction on interactions with supervisors, indicates that the ALJ made an error.

It is significant that the ALJ failed to use the word "supervisors" in the hypothetical to the VE: simply accounting for limitations on interactions with the public and with coworkers is not enough to reflect a similar limitation on interactions with supervisors. In *Young v. Barnhart*, the Seventh Circuit dealt with a factually similar case to the instant one and ruled that the ALJ had erred in failing to limit the plaintiff's contact with supervisors in the RFC.[7] In *Young,* the ALJ concluded that the plaintiff should have limited contact with the public and coworkers, but made no mention of limiting the plaintiff's interactions with supervisors.[8] There, the Court specifically ruled that because there was evidence that the plaintiff had "difficulty accepting instruction,

---

[5] SSR 96-8p; *Diaz v. Chater*, 55 F.3d 300, 306, n.2 (7th Cir. 1995).
[6] R. 281.
[7] *Young v. Barnhart*, 362 f.3d 995, 997-1002 (7th Cir. 2004) (Ruling on a case in which the plaintiff suffered from brain injuries that left him irritable, impulsive, and with poor social judgment: "Although this RFC requires that Young have limited contact with the public and coworkers, it says nothing of limiting contact with supervisors, despite the fact that there was substantial evidence within the record that Young has difficulty accepting instruction, responding appropriately to criticism, and interacting with others on the job . . . the RFC falls short because it fails to account for the evidence in the record regarding Young's problems accepting instruction [and] responding appropriately to criticism from supervisors").
[8] *Id.*

responding appropriately to criticism, and interacting with others on the job," the failure to include supervisors in an ALJ's RFC and in an ALJ's hypothetical to the VE was grounds for remand.[9] Thus, the failure of the ALJ to account for the plaintiff's limitations on interactions with supervisors in both the RFC and in his hypothetical to the VE in the instant case is also grounds for remand.

B. *The ALJ Failed to Address Inconsistencies in Medical Opinion Sources*

Plaintiff argues that the ALJ erred in finding that plaintiff could stoop on an occasional basis because two doctors on the record observed that the plaintiff could only flex his spine to 50 out of a possible 90 degrees.[10] The Commissioner argues that the definition of stooping is merely that an individual must be able to bend his body downward and forward by bending his spine at the waist.[11] Additionally, the Commissioner argues that there is no requirement that a plaintiff must be able to fully bend down 90 degrees at the waist. Indeed, this is true. But the ALJ must evaluate the record fairly and may not ignore an entire line of evidence that is contrary to the ruling.[12]

Plaintiff relies on *Thomas v. Colvin*, where the Seventh Circuit found an ALJ had erred because he had "failed to resolve inconsistencies" between one medical source opinion, which stated that the plaintiff could only flex his spine to 50 out of a possible 90 degrees, and another, which stated that the plaintiff could still occasionally stoop.[13] In *Thomas*, the court remanded to allow the ALJ to better explain his conclusion. In the instant case, the same issue presents itself, even down to the facts of the case (in which both plaintiffs can flex their spines only to 50

---

[9] *Id.* at 1003. ("Because the administrative judge used this RFC as the basis for his hypothetical question to the vocational expert, his hypothetical question also failed to include all of the necessary information . . . the hypothetical questions failed to include all of the limitations supported by the medical evidence in the record from the other experts whose assessments the ALJ did credit. For example, the hypothetical fialed to account fully for the findings of . . . Dr. Spear[, who] concluded that [the plaintiff] was moderately limited in his ability to . . . respond appropriately to criticism from supervisors.")

[10] Pl.'s Brief, 11 (*citing* R. 197, 262).

[11] SSR 83-14 (defining stooping as "bending the body downward and forward by bending the spine at the waist").

[12] *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (explaining that the ALJ may not ignore an entire line of evidence that supports his claim, and then stating that based on this standard, a remand was required in part because the ALJ did not explain how he resolved the "potentially conflicting assessments of [plaintiff's] bending ability.") (*citing Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001)).

[13] *Thomas v. Colvin*, 534 Fed. App'x. 546, 551 (7th Cir. 2013).

degrees). We recognize that there are also additional issues in *Thomas* (for example, the ALJ's failure to properly discuss plaintiff's use of a cane). But we find it remains applicable here. For example, in *Golembiewski v. Barnhart*, the Seventh Circuit remanded in part because the ALJ's decision failed to explain conflicting medical evidence concerning the plaintiff's ability to bend his back or "stoop occasionally."[14] The Seventh Circuit made it clear that this failure to resolve the conflicting medical evidence shows that the ALJ ignored an entire line of evidence that is contrary to the ruling, stating that the ALJ "improperly ignored three lines of evidence," one of which was the issue of the plaintiff's ability to stoop.[15] An ALJ is not permitted to ignore this type of evidence and, as such, this case too must be remanded.[16]

The Commissioner argues that there was no inconsistency because one of the doctors that stated that plaintiff could only flex his spine to 50 degrees agreed with the opinion of the doctor who determined that plaintiff was able to occasionally stoop. However, this is not a convincing argument because there were, in fact, *two* doctors that alleged plaintiff could only bend at the waist by 50 degrees.[17] Thus, even if one of the doctors may have agreed with the conclusion that plaintiff could occasionally stoop, the ALJ was still required to explain the inconsistency in the third doctor's opinion. Essentially, the ALJ here needed to account for the variation in the medical source opinions and explain why he favored the assessment that plaintiff could stoop occasionally. We reiterate that the ALJ's opinion was otherwise quite thorough and in depth, but he does not mention that some doctors had stated that plaintiff could only flex his spine 50 degrees.

---

[14] *Golembiewski*, 322 F3d. at 917.

[15] *Id.* ("[T]he ALJ may not ignore an entire line of evidence that is contrary to the ruling. Otherwise it is impossible for a reviewing court to tell whether the ALJ's decision rests upon substantial evidence. A remand is required here because the ALJ improperly ignored three lines of evidence . . . Second, the ALJ's decision contains no discussion of Golembiewski's limited ability to bend on account of his bad back . . . The reports of Dr. Schroeder and Dr. Davis [establish] potentially conflicting assessments of Golembiewski's bending ability. Yet despite his obligation to resolve such conflicts, the ALJ did not address either doctor's assessment–a significant omission since Golembiewski would have to bend at the waist occasionally in order to perform light work."(citations omitted)).

[16] *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001) ("It is worth repeating that 'an ALJ may not ignore an entire line of evidence that is contrary to her findings,' rather she must 'articulate at some minimal level [her] analysis of the evidence' to permit an informed review . . . the ALJ's decision simply fails to permit an informed review, and therefore, a remand . . . is necessary.") (*citing Clifford v. Apfel*, 227 F.3d 863, 871 (7th Cir. 2000); *Henderson v. Apfel*, 179 F.3d 507, 514 (7th Cir. 1999)).

[17] R. 197, 262.

Finally, the Commissioner argues that even if the ALJ did err in his assessment of plaintiff's ability to stoop, it would not have affected the result of the case because there were available jobs that ostensibly did not require stooping. However, we again reference *Golembiewski*, where the Court stated that the plaintiff would have to bend at the waist occasionally in order to perform light work.[18] The Court found this to be proof that the ALJ's failure to discuss the conflicting medical evidence was a particularly significant error.[19] Because the ALJ did not posed a limitation on stooping to the VE in his hypothetical, the VE was not able to answer a question that accounted for all of the plaintiff's limitations, which may have changed the VE's suggested available jobs for the plaintiff. The fact that the ALJ never addressed this line of evidence requires a remand.[20]

**IV. CONCLUSION**

For the reasons stated above, plaintiff's motion for summary judgment is granted, and the Commissioner's motion for summary judgment is denied. The matter is remanded.

It is so ordered.

Entered:  4/27/2015 /s/Susan E. Cox
**Susan E. Cox**
**U.S. Magistrate Judge**

---

[18] *Golembiewski*, 322 F.3d at 917.
[19] *Id.*
[20] *Steele v. Barnhart*, 290 F.3d 936, 842 (7th Cir. 2002) ("Hypothetical questions posed to vocational experts ordinarily must include all limitations supported by medical evidence on record").